**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

BARBARA W. BRUCE PLAINTIFF

V. CIVIL ACTION NO. 5:18-cv-85-DCB-MTP

MISSISSIPPI DIVISION OF MEDICAID;
and JOHN DOES (1-10) DEFENDANTS

---

**COMPLAINT**
*(Jury Trial Requested)*

---

COMES NOW, the Plaintiff, Barbara W. Bruce, by and through counsel, and files this, her Complaint, against the Defendants, Mississippi Division of Medicaid, and John Does (1-10), and would show unto the Honorable Court as follows:

**I. PARTIES**

1. Plaintiff, Barbara W. Bruce ("***Bruce***"), is an African-American, adult resident citizen of Adams County, Mississippi, currently residing at 302 Gayosa Avenue, Natchez, Mississippi 39120. At all times material herein, Plaintiff meets the definition of an "employee" under all applicable statutes.

2. Defendant, Mississippi Division of Medicaid ("***MDOM***"), is a Mississippi state governmental agency, with its central office location at 550 High Street, Suite 1000, Jackson, Mississippi 39201, and with a regional office location at 103 State Street, Natchez, Mississippi 39120 (the "***Natchez Regional Office***"). Defendant, MDOM, may be served with process by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi, Jim Hood, 550 High Street, Suite 1200, Jackson, Mississippi 39201; and to the Executive Director, Drew Snyder, Office of the Governor, Division of

Medicaid, 550 High Street, Suite 1000, Jackson, Mississippi 39201. Upon information and belief, Defendant, MDOM, receives government funds, resources and/or financial assistance acting under color of law. At all times material herein, MDOM's relevant management, supervisors, policymakers and/or employees: represented and acted on behalf of MDOM, and/or acted under color of law, pursuant to or as a result of a custom, practice or policy of MDOM. Further, at all times material herein, Defendant, MDOM, meets the definition of an "employer" under all applicable statutes.

3. Defendants John Does (1-10) are individuals, entities, or agents who are yet unknown to Plaintiff who have or may have liability in the premises. Plaintiffs requests this Court to grant leave to amend this Complaint to add these parties when they are identified and have the Amended Complaint relate back to the original filing.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, for the violation of Plaintiff's federal substantive and civil rights. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("***Title VII***"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("***Section 1981***"), and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state claims herein, pursuant to 28 U.S.C. § 1367.

5. Venue is properly established before the Court pursuant to 28 U.S.C. § 1391, as Plaintiff's claims occurred or accrued in Adams County, Mississippi, which is in the Southern District of Mississippi, Western Division.

## III. Exhaustion of Remedies

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("***EEOC***"), and has received a notice of the right-to-sue from the EEOC with regard to this action. All prerequisites to the filing of this suit have been met.

## IV. Facts

7. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 6 above.

8. On or about July 1994, Plaintiff was hired by Defendant, MDOM, at MDOM's Natchez Regional Office. On or about January 2005, Plaintiff was promoted to a Division Director I at MDOM's Natchez Regional Office, which is her current position. At all times material herein, Plaintiff fully and successfully performed her employment duties and has been integral toward the success of MDOM and its Natchez Regional Office.

9. Plaintiff is highly qualified to work at MDOM's Natchez Regional Office, based upon her years of experience, educational background (Bachelor's Degree), accomplishments in the field, and excellent work record. Plaintiff has had relevant and valuable supervisory experience at MDOM of over 13 years, as well as 5 years of supervisory experience with the City of Natchez community development department (prior to her employment with MDOM). During her employment with MDOM of over 24 years, Plaintiff has received good employment evaluations.

10. On or about September 13, 2016, Plaintiff received an email from MDOM regarding a new job listing for a Bureau Director, Deputy ("***BDD***"), at the Natchez Regional Office. The BDD position was previously occupied by a Caucasian employee, Sissy Allen. This job listing would be a promotion for Plaintiff (from her Division Director I position),

and was advertised as "Bureau Only" and limited only to MDOM employee applicants. It is the policy, custom, and/or pattern and practice of MDOM to always hire "in-house" or "Bureau Only" candidates for BDD and other equivalent/similar MDOM positions using "Bureau Only" job listings/advertisements.

11. Importantly, the BDD position has ***minimum qualifications*** (in order to be qualified to be hired for the position), including either: (a) Master's degree and 6 years of Medicaid supervisory experience; or (b) Bachelors degree and 7 years of Medicaid supervisory experience. Plaintiff held a Bachelors degree and over 7 years of Medicaid supervisory experience, and was thus qualified for the BDD position.

12. On or about September 15, 2016, Plaintiff submitted her written application for the promotion to the BDD position. Upon information and belief, two (2) "in-house" or "Bureau Only" candidates (including Plaintiff) were referred for selection for the BDD position, both of whom were African-American and qualified under the minimum qualifications for the BDD job.

13. However, on or about November 14, 2016, MDOM's Caucasian administrators re-posted / re-advertised the subject BDD position/promotion as an "Open Competitive" position, and thereby blocked and denied the promotion for the "Bureau Only" African-American candidates ( including Plaintiff). The decision to re-advertise the BDD position as "Open Competitive" and close the "Bureau Only" promotion was motivated by MDOM's discriminatory animus and pursuant to MDOM's discriminatory policy, custom and/or practice.

14. On or about November 18, 2016, Plaintiff was forced to submit another application for the BDD position as an "Open Competitive" candidate, under the re-

advertised "Open Competitive" listing. Plaintiff was interviewed for the position by MDOM on or about January 5, 2017.

15. MDOM ultimately selected a Caucasian "Open Competitive" candidate, Beverly Goodman, for the BDD position over Plaintiff. Upon information and belief, Ms. Goodman had been "recommended" by Caucasian employees/supervisors at MDOM. Importantly, and upon information and belief, Ms. Goodman did not have the necessary minimum qualifications to be hired for the BDD position, and instead only held an Associates Degree with *zero* (0) years of Medicaid supervisory experience. Ms. Goodman *admitted* that she did not have the minimum qualifications for the BDD position, in terms of both education and experience, and thus was unquestionably not qualified for the job. The decision to select Ms. Goodman (who was a subsequent "Open Competitive" Caucasian candidate without the job's minimum qualifications) over Plaintiff (who was a "bureau only" African-American candidate with the job's minimum qualifications) was motivated by MDOM's discriminatory animus and pursuant to MDOM's discriminatory policy, custom and/or practice.

16. After Plaintiff was wrongfully denied the BDD promotion, Plaintiff filed an internal grievance and a EEOC Charge of Discrimination in regards to the foregoing discrimination and wrongful conduct by MDOM. However, as a result of Plaintiff's grievance and EEOC Charge filing, and further due to Defendant's discriminatory animus, Plaintiff has been wrongfully subjected to retaliation and harassment by MDOM that is/was hostile to Plaintiff's employment and is/was pervasively abusive, intimidating, and unreasonably interfered with Plaintiff's work.

17. As a result of Defendant's discrimination and wrongful conduct, as described

herein, Plaintiff has suffered severe mental anguish and emotional distress, including constant worry, stress, anxiety, and sleeplessness, and other damages outlines herein.

## V. Causes of Action

### Count One
### Violation of Title VII – Race Discrimination

18. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 17 above.

19. Plaintiff is an African-American employee protected under Title VII. Plaintiff is well-qualified for the promotion to the BDD position at MDOM's Natchez Regional Office, and satisfies the minimum qualifications for the BDD position.

20. Defendant, MDOM, has engaged in intentional race discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, wrongfully denying Plaintiff a promotion to the BDD position due to her African-American race. As described herein, Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate treatment and less favorable terms and conditions than similarly-situated Caucasian employees / candidates, all on account of the Plaintiff's African-American race. Plaintiff was wrongfully denied a promotion (to the BDD position) due to her African-American race, when MDOM's Caucasian officers terminated and blocked the promotion for "Bureau Only" candidates for the BDD position, and despite receiving 2 well-qualified African-American "Bureau Only" candidates (including Plaintiff), re-posted the position as "Open Competitive" to deny the promotion to Plaintiff and ultimately select a Caucasian "Open Competitive" candidate who was admittedly unqualified for the position.

21. The subject adverse employment actions was motivated by MDOM's

discriminatory animus, and pursuant to MDOM's discriminatory policy, custom and/or practice to favor and hire/promote Caucasians, while disfavoring and failing to hire/promote well-qualified African-Americans. MDOM re-posted the BDD position (to "open competitive") and ultimately selected an unqualified Caucasian candidate to replace the outgoing Caucasian BDD, pursuant to MDOM's discriminatory animus and discriminatory custom/policy of disparate treatment against African-Americans. This contradicted MDOM's prevailing policy, custom, and/or practice of always hiring "in-house" or "Bureau Only" candidates (and not hire "Open Competitive" or outside candidates) for a BDD or equivalent position at MDOM.

22. MDOM knew or should have known about the subject disparate treatment, the racially discriminatory policy/custom, and other wrongful conduct described herein, but failed to do anything to stop or address the wrongful conduct.

23. Defendant has no legitimate, non-discriminatory justification for the adverse actions against Plaintiff, and its asserted reason(s) for Defendant's discriminatory conduct are not the true reasons, but instead are pretext to hide Defendant's discriminatory animus. The true motivating factor for Defendant's adverse actions against Plaintiff was Defendants' racial discrimination against Plaintiff.

24. Accordingly, Defendant has violated Title VII as a result of its disparate treatment and intentional discrimination against Plaintiff in the terms and conditions of her employment due to her African-American race. This wrongful conduct has proximately caused Plaintiff's damages in the form of lost wages and benefits; lost promotion and pay/salary increases; mental anguish and emotional distress; and other economic and non-economic damages described herein.

25. As a proximate result of Defendant's unlawful conduct alleged herein, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII. Because said conduct was intentional and outrageous, was done wilfully and maliciously, and/or was done wantonly and with reckless disregard to Plaintiff's rights, an award of punitive damages is also requested. Pursuant to Title VII, Plaintiff requests an award of all attorney's fees and costs.

**Count Two**

**SECTION 1981 RACE DISCRIMINATION – UNDER 42 U.S.C. § 1983**

26. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 25 above.

27. As set forth hereinabove, Defendant, MDOM, unlawfully and intentionally discriminated against Plaintiff in the terms and conditions of her employment, in violation of Section 1981, by denying Plaintiff a promotion to the BDD position and subjecting Plaintiff to other adverse employment actions by Defendant, all on account of the Plaintiff's African-American race. Defendant, MDOM, intentionally deprived Plaintiff, an African-American, of the same rights as are enjoyed by Caucasian citizens to all benefits and privileges of employment with MDOM, in violation of Section 1981.

28. All of the foregoing wrongful conduct was performed "under color" of state law by policymakers/supervisors on behalf of Defendant, MDOM, pursuant to or as a proximate result of a discriminatory custom, practice, or policy of Defendant of disparate treatment towards African-Americans, that was prevailing and known, ratified by or agreed to by Defendant, MDOM. It was Defendant's discriminatory custom, practice or policy to favor and hire/promote Caucasians, while disfavoring and failing to hire/promote well-qualified African-Americans.

29. Accordingly, the foregoing discriminatory and wrongful actions by Defendant, MDOM against Plaintiff violated and deprived Plaintiff of her Federal substantive rights under Section 1981. Plaintiff respectfully asks for relief pursuant to 42 U.S.C. § 1983 inasmuch she has been deprived of her Federal statutory rights under Section 1981, pursuant to a custom or policy of Defendant, MDOM.

30. As a proximate result of Defendant's discriminatory conduct and violations of Plaintiff's rights, Plaintiff has sustained damages as described herein, and is entitled to all legal and equitable remedies available for violations of Section 1981. Because said conduct was intentional, outrageous, willful, malicious, wanton and/or with reckless disregard to Plaintiff's rights, an award of punitive damages is also requested. Pursuant to 42 U.S.C. § 1983, Plaintiff requests an award of all attorney's fees and costs.

## Count Three
### NEGLIGENCE

31. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 30 above.

32. Defendant, MDOM, had a duty to exercise reasonable and ordinary care in providing non-discriminatory employment, hiring and promoting practices; to take reasonable steps to determine the fitness of job candidates and Plaintiff's co-workers and supervisors; to reasonably ensure that its personnel were hired, retained, supervised, controlled and/or trained in a prudent manner; to maintain a safe and professional workplace; and to comply with Federal statutes and U.S. Constitutional rights. Defendant, MDOM, breached its duties owed to Plaintiff by failing to provide non-discriminatory employment, hiring and promoting practices; negligently failing to determine the fitness of job candidates; negligently hiring, retaining, supervising, controlling and/or training its

supervisors, employees and agents; failing to maintain a safe and professional workplace; failing to comply with Federal statutes and U.S. Constitutional rights; and others to be determined at trial.

33. The above actions constitute negligence and were each a proximate cause of the pattern and practice of wrongful conduct engaged in, ratified by, or agreed to by Defendant. The above negligence by Defendant proximately caused Plaintiff's damages described herein.

## Count Four
### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 33 above.

35. Defendant, MDOM, engaged in, directed, and/or ratified a course of outrageous conduct towards Plaintiff, with the intention to cause or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress. In addition or the alternative, Defendant, MDOM, knew or reasonably should have known that the wrongful actions described herein would and did proximately result in physical and emotional distress to Plaintiff. Defendant, MDOM, had a duty to stop engaging in or ratifying and/or prevent the actions herein, but negligently failed to do so in breach of that duty.

36. As a proximate result of this wrongful conduct, whether intentional or negligent, Plaintiff has suffered and continues to suffer emotional anguish, mental distress, humiliation, and other emotional and physical damages, and seeks a judgment for all actual damages proximately caused by this conduct, and an award of punitive damages.

## VI. INJURIES/DAMAGES

37. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1

through 36 above.

38. Plaintiff is entitled to an award of attorney's fees and costs, as pursuant to Title VII, 42 U.S.C. § 1983, and other applicable Federal statutory law.

39. As a direct and proximate cause of the foregoing conduct of Defendant, Plaintiff suffered, and is entitled to recover from Defendant, the following damages:

(a) Past and future lost wages and benefits, including back pay, fringe benefits and other economic damages;

(b) Past and future lost promotion, wage and benefit increases, and career advancement;

(c) Mental anguish and emotional distress;

(d) Loss of enjoyment of life, loss of society, harm to personal and professional reputation, loss of career fulfillment, pain and suffering, humiliation, and embarrassment;

(e) Actual and compensatory damages;

(f) Incidental and consequential damages;

(g) Interest damages as allowed by law;

(h) Attorney's fees and costs; and

(i) Other damages to be established.

40. Because Defendant's conduct was intentional, willful, egregious, and/or accompanied with malice, gross negligence, and/or reckless disregard for the rights of Plaintiff, Plaintiff is entitled to punitive or exemplary damages to be assessed against Defendant over and above an award of actual damages.

## VII. REQUESTED RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Barbara W. Bruce, respectfully moves this Honorable Court for a trial by jury and to enter judgment in favor

of Plaintiff against Defendants, Mississippi Division of Medicaid and John Does (1-10), in an amount as may be determined by the jury to fully compensate Plaintiff for all actual and punitive damages, plus pre- and post-judgment interest, attorneys' fees and all costs incurred in filing and prosecuting the subject action in an amount over $75,000, and for such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, this the 2d day of August, 2018.

BARBARA W. BRUCE – *Plaintiff*

By: ______________________________
Ken R. Adcock (MSB #1150)
William C. Ivison (MSB #104213)
*Attorneys for Plaintiff*

OF COUNSEL:

ADCOCK & MORRISON, PLLC
795 Woodlands Pkwy, Suite 220 (39157)
Post Office Box 3308
Ridgeland, Mississippi 39158
Telephone: (601) 898-9887
Facsimile: (601) 898-9860
kadcock@adcockandmorrison.com
wivison@adcockandmorrison.com