UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BARBARA W. BRUCE**                                                           **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 5:18-CV-85-DCB-MTP**

**MISSISSIPPI DIVISION OF MEDICAID;**
**and JOHN DOES (1-10)**                                        **DEFENDANTS**

## ANSWER AND DEFENSES

The Mississippi Division of Medicaid ("MDOM"), by and through counsel, submits its Answer and Defenses to the Plaintiff's Complaint, and would show unto the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Any claims asserted in the Complaint which were not the subject of a timely charge of discrimination with the Equal Employment Opportunity Commission, or were not brought within the applicable limitations period for suit, are barred.

### THIRD DEFENSE

Plaintiff failed to comply with the notice of claim requirements of the Mississippi Tort Claims Act prior to filing this action. Her state law claims are therefore due to be dismissed.

**FOURTH DEFENSE**

Defendant reserves the right to seek leave to amend its Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

**FIFTH DEFENSE**

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies all allegations asserted by Plaintiff against it, as set forth in the Complaint, except to the extent specifically admitted herein, and demands strict proof thereof.

**SIXTH DEFENSE**

Defendant asserts, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

**EIGHTH DEFENSE**

There has been no Congressional abrogation of state sovereign immunity as to claims under § 1981 or 1983.

**NINTH DEFENSE**

MDOM is not a "person" for purposes of liability under 28 U.S.C. § 1983.

## TENTH DEFENSE

42 U.S.C. § 1981 does not create a private right of action against a state agency such as MDOM.

## ELEVENTH DEFENSE

Defendant specifically denies that it has willfully violated any law in any manner or respect whatsoever and denies that it is liable unto Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## ANSWER

Without waiving the aforementioned defenses, Defendant specifically answers and responds to the allegations of the Plaintiffs' Complaint as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Paragraph 3 of the Complaint addresses potential John Doe defendants and does not raise any allegations against MDOM. To the extent that a response to Paragraph 3 of the Complaint is deemed to be required of MDOM, any and all such allegations are denied.

4. Admitted.

5. Admitted.

6. It is admitted that Plaintiff filed a timely charge of discrimination with the EEOC and received a right to sue letter prior to filing this action. Any allegations set forth in Paragraph 6 of the Complaint which are not specifically admitted herein are denied.

7. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 6 above as if fully set forth herein below.

8. The allegations set forth in Paragraph 8 of the Complaint regarding Plaintiff's dates of employment and positions held is admitted. Any allegations set forth in Paragraph 8 of the Complaint which are not specifically admitted herein are denied.

9. Denied.

10. It is admitted that MDOM posted a new job listing for Bureau Director, Deputy, on or around September 13, 2016, and that the job was initially listed as a bureau only position. Any allegations set forth in Paragraph 10 of the Complaint which are not specifically admitted herein are denied.

11. Admitted.

12. Admitted.

13. It is admitted that the subject position was ultimately re-posted and re-advertised as open competitive. Any allegations set forth in Paragraph 13 of the Complaint which are not specifically admitted herein are denied..

14. Admitted.

15. It is admitted that Berverly Goodman was ultimately selected to fill the subject position. Any allegations set forth in Paragraph 15 of the Complaint which are not specifically admitted herein are denied.

16. It is admitted that Plaintiff filed an EEOC charge. Any allegations set forth in Paragraph 16 of the Complaint which are not specifically admitted herein are denied.

17. Denied.

18. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 17 above as if fully set forth herein below.

19. It is admitted that Plaintiff is an African American employee protected by Title VII and that Plaintiff meets the minimum qualifications for the subject position. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 19 above as if fully set forth herein below.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 25 above as if fully set forth herein below.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 30 above as if fully set forth herein below.

32. Denied.

33. Denied.

34. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 33 above as if fully set forth herein below.

35. Denied.

36. Denied.

37. Defendant reasserts and incorporates its responses set forth in paragraphs 1 through 36 above as if fully set forth herein below.

38. Denied.

39. The allegations set forth in paragraph 39 and its sub-paragraphs a-i are denied.

40. The allegations set forth in the paragraph of Plaintiff's Complaint under the title "REQUESTED RELIEF," and beginning with the words, "WHEREFORE PREMISES CONSIDERED," are denied, and it is denied that Plaintiff is entitled to any relief whatsoever.

**NOW**, having fully answered the allegations of Plaintiff's Complaint, and having set forth its defenses thereto, Defendant denies that Plaintiff is entitled to any against it in any form or amount whatsoever, and hereby moves the Court for entry of an order and final judgment dismissing this cause of action with prejudice, with all costs assessed to the Plaintiff. Finally, Defendant moves for general and such other relief as the Court deems appropriate herein.

Respectfully submitted this the 27TH day of August, 2018.

                          **MISSISSIPPI DIVISION OF MEDICAID, Defendant**

                          **JIM HOOD, ATTORNEY GENERAL**

                          **STATE OF MISSISSIPPI**

                          BY: */s/ Benny M. May*
                                BENNY M. MAY (MSB #100108)

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
e-mail: *bemay@ago.state.ms.us*

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day filed the above and foregoing document through the Court's ECF system, which will automatically send notification to all counsel of record.

This, the 27th day of August, 2018.

                                           */s/ Benny M. May*
                                           BENNY M. MAY